[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12161
Non-Argument Calendar
_____

D. C. Docket No. 05-00321-CV-CAR-5

ALFRED HAZEL, JR.,

Plaintiff-Appellant,

versus

LA PETITE ACADEMY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 23, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Alfred Hazel Jr. appeals the summary judgment entered in favor of his

former employer, La Petite Academy, and against his complaint of race and gender discrimination. See 42 U.S.C. § 2000e, et seq. Hazel argues that the district court failed to draw reasonable inferences in his favor and erroneously concluded that there was insufficient evidence of pretext. We affirm the summary judgment.

We review a grant of summary judgment de novo. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing the record, "we view the evidence in the light most favorable to the non-moving party." Wilson, 376 F.3d at 1085.

Because Hazel does not have direct evidence of discrimination, he relies on circumstantial evidence under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089 (1981). See Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767–68 (11th Cir. 2005). The employee is entitled to an inference of discrimination when he establishes a prima facie case. After the employee establishes a prima facie case,

the employer must articulate a non-discriminatory basis for its employment decision. If the employer articulates a non-discriminatory basis for its decision, then the burden is on the employee to establish that the non-discriminatory reason is pretextual. Id.

There is no dispute that Hazel established a prima facie case, and La Petite articulated non-discriminatory reasons for its employment decisions. The question on appeal is whether Hazel presented evidence that the stated reasons were a pretext for discrimination. We agree with the district court that Hazel failed to present evidence of pretext.

La Petite contends that it terminated Hazel because of his poor job performance. To prove pretext, Hazel had to present evidence to establish "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." Vessels, 408 F.3d at 771 (quoting Cooper v. Southern Co., 390 F.3d 695, 725 (11th Cir. 2004)). A plaintiff may not establish pretext by questioning the wisdom of an employer's stated reason. Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir. 1997).

Hazel's argument is two-fold. Hazel argues that June Woodall, the white female who preceded Hazel as director of the Macon childcare facility, and Sarah

3

Ballard, the white female who replaced Hazel as director, had similar performance problems but were not subject to the same adverse employment actions that he suffered. Hazel also argues that praise he received from La Petite for his improved performance and the increased enrollment under his directorship support a finding of pretext.

Each of Hazel's arguments fails to support an inference of pretext. First, Woodall, like Hazel, was placed on a "Performance Action Plan" for performance problems. Although Hazel argues that many of the problems identified in his two "Performance Action Plans" pre-dated his tenure as director, the problems that Hazel inherited from Woodall occurred under a different supervisor who was entitled to impose higher expectations for her subordinates than her predecessor. See Rojas v. Fla. Dep't of Bus. & Prof'l Regulations Pari-Mutual, 285 F.3d 1339, 1343 (11th Cir. 2002). Second, Ballard is not a proper comparator because, unlike Hazel, she significantly improved overdue balances and was not the subject of parent complaints. Third, that Hazel received praise before his termination for improvements in some areas does not evidence pretext because Hazel still had performance problems in other areas.

Hazel's argument that the district court did not draw reasonable inferences in his favor also fails. Although Hazel argues that the district court erred when it

resolved against him the question of whether Siegel, "wanted black employees gone," the evidence on which Hazel relies does not support that inference. Hazel's testimony was that Siegel wanted some black employees terminated, not all black employees, and Hazel did not testify that Siegel ever mentioned the race of those employees. Hazel's testimony is not, as he contends, direct evidence of discrimination, nor is it evidence of pretext regarding his termination for poor performance.

The summary judgment against Hazel's complaint is

**AFFIRMED.**